**Robert V. ADAMS, et al.  Plaintiffs**

v.

**NVR HOMES, INC., t/a Ryan Homes, et al.  Defendants**

**No. CIV H–99–846.**

United States District Court,
D. Maryland.

April 27, 2001.

Pamela D. Marks, Robert Brager, Mark A. Turco, Baltimore, MD, Beveridge & Diamond, PC, Monica La Polt, Law Office, Baltimore, MD, Benjamin F. Wilson, Beveridge and Diamond PC, Washington, DC, for Plaintiffs.

Steven A. Allen, Hodes Ulman Pessin and Kate PA, Arnold M. Weiner, Snyder, Weiner, Weltchek, et al., Baltimore, MD, Randall M. Lutz, Hodes Ulman Pessin and Katz PA, Towson, MD, Beverly Ann Turk, Law Office, Baltimore, MD, Susan M. Souder, Law Office of Susan Souder PA, Catonsville, MD, Mark H. Kolman, Dickstein Shapiro Morina and Oshinsky LLP, Washington, DC, Robert William Pommer, III, Dickstein, Shapiro, Morin & Oshinsky, Washington, DC, Edward E. Sharkey, Law Office, Baltimore, MD, John Agar, Law Office, Washington, DC, Howard G. Goldberg, Goldberg, Pike & Beschee, Baltimore, MD, Sharon K. Engelhard, Goldberg Pike and Besche PC, Baltimore, MD, Andrew D. Levy, Dana Whitehead McKee, Brown Goldstein and Levy LLP, Baltimore, MD, Richard L. Nilsson, Brizendine, Bergen & Tripoda, Timonium, MD, Terrence Michael McShane, Lee & McShane, PC, Washington, DC, Laurence C. Fauth, Law Office, Washington, DC, for Defendants.

### MEMORANDUM AND ORDER

HARVEY, Senior District Judge.

In its Memorandum and Order of March 22, 2001, this Court, *inter alia,* granted the motion for summary judgment of the Ryan Defendants as to Count VIII of the amended complaint. The plaintiffs have now asked this Court to reconsider this ruling.

Pending before the Court is plaintiffs' motion to reconsider that portion of the Court's March 22, 2001 Memorandum and Order granting summary judgment in favor of the Ryan Defendants on plaintiffs' claims asserted in Count VIII of the amended complaint under the Maryland Consumer Protection Act (the "CPA"). Memoranda and exhibits in support of and in opposition to this motion have been submitted by the parties and reviewed by the Court. For the reasons stated herein, plaintiffs' motion to reconsider will be denied.

In Count VIII of the amended complaint, plaintiffs alleged that they have been injured because the Ryan Defendants violated the CPA. At pages 29–41 of the Court's Memorandum and Order of March 22, 2001, the Court discussed in some detail the various subsections of the CPA, including §§ 13–301(1), 13–301(2), 13–301(3) and 13–301(9). In their motion to reconsider, plaintiffs have not challenged the Court's denial of their right to recover for a violation of § 13–301(9). In asserting that they should be permitted to present their Count VIII claims to the jury under other subsections of § 13–301, plaintiffs argue that the Court's ruling on Count VIII is inconsistent with its contemporaneous rulings on Counts VII and XII which seek a recovery for negligent misrepresentation and negligence.

After reviewing plaintiffs' pending motion and the parties' memoranda, this Court will reaffirm its previous ruling granting summary judgment in favor of the Ryan Defendants as to Count VIII of the amended complaint. The Court is satisfied that the record here contains insufficient evidence of the elements of a viable claim arising under the CPA and that, as the Court previously ruled, the Ryan Defendants are entitled as a matter of law to the entry of summary judgment in their favor as to Count VIII. It is apparent that plaintiffs' pending motion is based essentially on their disagreement with the conclusions reached by the Court in its Memorandum and Order of March 22, 2001.

Plaintiffs fail here to appreciate the difference between a claim of a violation of the CPA and a claim of negligence or negligent misrepresentation. The former is based on a statute and the latter are based on Maryland common law. To prevail under Count VIII, plaintiffs must, *inter alia,* prove deception on the part of the Ryan Defendants. Before a violation of the CPA may be found, there must be evidence that the Ryan Defendants engaged in an *"unfair or deceptive* trade practice"* which is either an actively false or misleading statement that has the "tendency or effect of *deceiving or misleading consumers,"* § 13–301(1), or a passive "failure to state a material fact if the failure *deceives or tends to deceive."* § 13–303(3) (emphasis added). There must be proof that the Ryan Defendants had "knowledge, constructive or actual" of the defective condition of the property. *Benik v. Hatcher,* 358 Md. 507, 531, 750 A.2d 10 (2000). To prevail under Counts VII and XII, however, plaintiffs have to prove, *inter alia,* merely a lack of due care on the part of these defendants.

As the Court noted in its prior ruling, the Court of Appeals of Maryland has held that no more than "meager" evidence of negligence is sufficient to carry a claim of this sort to the jury. (Slip op. at 50–51), quoting *Fowler v. Smith,* 240 Md. 240, 246, 213 A.2d 549 (1965). No such standard has been adopted by the Court of Appeals insofar as a claim of a violation of the CPA is concerned. Much more than "meager" evidence of an unfair or deceptive trade practice must be produced before a claim asserted under the CPA may be heard by a jury. Sufficient evidence of deception does not exist in this record to permit plaintiffs' claim of a violation of the CPA to be presented to the jury.

Plaintiffs' principal argument is that this Court should apply a simple "reason to know" standard in analyzing their claims under the CPA. This contention is based upon their misreading of *Hayes v. Hambruch,* 841 F.Supp. 706 (D.Md.1994), *aff'd,* 64 F.3d 657 (4th Cir.1995) (unpublished), in which this Court stated that "a landlord may not be held liable under the CPA for a failure to state a material fact concerning a defect in the rented premises, unless the

landlord knows or has reason to know of the defect." *Id.* at 714. There are two flaws in plaintiffs' argument.

First, the Court of Appeals of Maryland has never expressly applied the reason to know standard to a claim asserted under the CPA despite many opportunities to do so subsequent to *Hayes.* In fact, plaintiffs acknowledge that *Benik,* the leading and very recent Maryland case concerning liability under the CPA, does not apply the reason to know standard. Instead, the Court of Appeals held that the defendant landlord "who leases premises for human habitation is presumed to have knowledge of any defective condition that a reasonable inspection would have revealed." *Id.* at 536, 750 A.2d 10.

■ Second, by failing to address exactly what the Ryan Defendants supposedly had reason to know, plaintiff's argument improperly conflates this Court's discussion of plaintiffs' negligent misrepresentation claim with its examination of their CPA claim. In *Hayes,* 841 F.Supp. at 714, this Court's consideration of the CPA focused upon "a material fact concerning a *defect,*" and in *Benik,* 358 Md. at 536, 750 A.2d 10, liability under the CPA was premised upon "knowledge of any *defective* condition." In this case, however, in addressing plaintiffs' negligent misrepresentation claim, this Court determined that the Ryan Defendants may have had reason to know of certain facts which created the possibility that they "carelessly made a false statement," (Slip op. at 52), rather than that they had knowledge of material facts related to a defect. Furthermore, unlike the situation in *Benik,* there is no evidence here from which a reasonable jury could infer that a housing or building code violation existed at Calvert Ridge during the time plaintiffs purchased their homes. In fact, this Court has found that the Ryan Defendants inspection of the plaintiffs' new home sites confirmed the absence of any housing or building code violations. (Slip op. at 39).

In their motion for reconsideration, plaintiffs erroneously rely on *Benik* and *Golt.* As this Court previously noted, the Court in *Benik* held that the property owner's constructive knowledge of a defective condition is deemed to encompass the requirements of the City Code pertaining to the habitability of the premises. (Slip op. at 34). However, in this particular case, no statutory or code provisions are applicable. At the time of the sale of the homes to plaintiffs, knowledge of the possibility that methane could be generated did not involve a matter of law like the unlicensed status of the apartment in *Golt.* As this Court has held, knowledge of the presence of a reclaimed quarry which might eventually generate methane did not impose any legal obligations upon the Ryan Defendants, and such knowledge therefore cannot be imputed to them. (Slip op. at 37).

In *Richwind v. Brunson,* 335 Md. 661, 687, 645 A.2d 1147 (1994), the Court of Appeals recognized the difference between a claim of negligence and one alleging a violation of the CPA. In *Richwind,* the Court concluded as a matter of law that although defendants could be found liable for negligence, they were not in violation of the CPA under the circumstances present in that case. *Id.* Similarly here, although plaintiffs may present to the jury their claims of negligent misrepresentation and negligence, the Ryan Defendants may not on the record in this case be found to have violated the CPA. Evidence does not exist indicating that the Ryan Defendants engaged in a deceptive trade practice prohibited by the CPA.

Plaintiffs' reliance on the recent case of *Jones v. Mid–Atlantic Funding Co.,* 766 A.2d 617 (D.Md.2001) is also misplaced.

In that case, the Court of Appeals of Maryland discussed only the standard for proving negligence, inasmuch as the counts brought under the CPA had been dismissed.

For the reasons stated, it is this _____ day of April, 2001 by the United States District Court for the District of Maryland,

ORDERED that plaintiffs' motion to reconsider is hereby denied.